**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RASHEENA PHINISEE** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.  24-295** |
| | : | |
| **KATI GRAHAM-PARKER,** *et al.* | : | |

## MEMORANDUM

**MURPHY, J.**                                                                                     **May 17, 2024**

      This case arose from medical care provided to Ms. Phinisee after the birth of her daughter in 2008.  But this is far from Ms. Phinisee's first trip to court.  The dispute surrounding this medical care was settled between the parties long ago.  Nevertheless, Ms. Phinisee has repeatedly sought to re-litigate her claims in state and federal court.  The United States, the only remaining defendant in this matter, seeks dismissal of the complaint, asserting that Ms. Phinisee's claims are barred by the settlement, the statute of limitations, and the doctrine of res judicata.

      We agree with the United States that Ms. Phinisee's claims are barred by res judicata and dismiss the complaint with prejudice.  There is nothing left to fight about.  Ms. Phinisee's claims against the United States are no different than those dismissed by Judge Schiller in this district in 2021.  Therefore, we grant the United States's motion to dismiss all of Ms. Phinisee's claims with prejudice.

### I.   Background

      This case has an extensive procedural background, which has been detailed repeatedly by judges in this district as well as in the Third Circuit.[1]  We provide a high-level summary of only

---

[1] For a detailed summary of the case's history, *see Phinisee v. United States*, Civ. No. 20-

the most relevant background information below.

In May 2008, Rasheena Phinisee ("Ms. Phinisee") delivered her daughter ("A.P.") at the University of Pennsylvania Hospital.  (DI 1-1 at 4-5).  Related to this medical treatment, Ms. Phinisee filed a medical malpractice suit in 2010 against the United States on behalf of herself and her daughter, A.P., a minor.  Notice of Removal, Civ. No. 10-1253, Docket No. 1.[2]

During litigation, the parties settled the case for $1.2 million, though Ms. Phinisee later sought to vacate the settlement.  *A.P. ex rel Phinisee, et al. v. United States*, Civ. No. 10-1253, 2012 WL 3186160, at *1-3 (E.D. Pa. Aug. 6, 2012).  Magistrate Judge Hart issued an order enforcing the settlement agreement, a decision that was affirmed by the Third Circuit.  *A.P. ex rel Phinisee, et al. v. United States*, Civ. No. 10-1253, 2012 WL 3186160 (E.D. Pa. Aug. 6, 2012), *aff'd* 556 F. App'x 132 (3d Cir. 2014).  Years passed and the parties continued litigating this same medical care, eventually leading Magistrate Judge Lloret to enter an order enjoining Ms. Phinisee from making any further filings related to the injuries of her daughter without leave.  Jan. 26, 2021 Order, Civ. No. 10-1253, Docket No. 192.[3]

In February 2020, Ms. Phinisee commenced a new civil action in the Court of Common Pleas of Philadelphia County concerning the same medical treatment, but this time omitting

---

5279, 2021 WL 6113374, at *1-5 (E.D. Pa. Dec. 27, 2021) (citing *A.P. by & through Phinisee v. United States*, 736 F. App'x 309, 310-11 (3d Cir. 2018)).

[2] The 2010 case was assigned to Magistrate Judge Hart based on consent of the parties. Oct. 7, 2010 Consent and Order, Civ. No. 10-1253, Docket No. 10.  On September 11, 2017, the case was randomly reassigned to Magistrate Judge Lloret.  Sept. 11, 2017 Order, Civ. No. 10-1253, DI 100.

[3] By 2021, the litigation concerned the interests of Ms. Phinisee's child, A.P., including appointment of a guardian ad litem and establishment of a special needs trust.  Civ. No. 10-1253, DI 145, 191.

claims on behalf of her daughter.  (DI 1 at 1).  Ms. Phinisee named Kati Graham-Parker and

FPCN as defendants.  (DI 1-1 at 2).  The United States removed the action to this district on

October 22, 2020, stating that defendants Kati Graham-Parker and FPCN constituted federal

employees under the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(c) and

were thus covered by the procedures of the Federal Tort Claims Act (FTCA).  (DI 9 at 12).[4]  The

United States argued that the FTCA provides the exclusive remedy for state law tort actions

brought against individuals or entities deemed to be federal employees acting within the scope of

their employment and that FTCA actions may only be brought in federal district court.  *Id.*

Judge Schiller agreed with the United States, granting the government's motion to substitute and

dismissing defendants Kati Graham-Parker and FPCN.  Nov. 2, 2020 Order, Civ. No. 20-5279,

Docket No. 4.

 Judge Schiller then dismissed the complaint with prejudice for failure to state a claim

upon which relief could be granted and lack of subject matter jurisdiction (i.e., Ms. Phinisee

failed to first exhaust her administrative remedies regarding her FTCA claim).  *Phinisee v.*

*United States*, Civ. No. 20-5279, 2021 WL 6113374, at *6-11 (E.D. Pa. Dec. 27, 2021).  Judge

Schiller found that Ms. Phinisee's Third Amended Complaint was "substantively the same" as

her previous complaint, the two-year statute of limitations had expired many years ago, and the

doctrine of fraudulent concealment did not apply.  *Id.* at *7.  Regarding exhaustion, Judge

Schiller reasoned that the issue could not be remedied because "Ms. Phinisee cannot both allege

that this action involves claims distinct from those brought in the 2010 Action and that her 2008

filing suffices to fulfill [the exhaustion] requirements here."  *Id.* at *6.  Moreover, the Court

---

[4] The case was initially assigned to Judge Schiller, and later reassigned to this court.

3

noted that "even if her 2008 administrative claim were to suffice here, Ms. Phinisee is now well beyond the six-month statutory period within which she was required to file suit in federal court regarding the allegations in the Third Amended Complaint. And it is far too late to file another administrative claim, as it is well beyond the two-year statutory period within which she was required to file a claim with the Public Health Service in the first place." *Id.* Judge Schiller then remanded the matter to the Philadelphia Court of Common Pleas for any further proceedings due to lack of subject matter jurisdiction. *Id.* at *11.

On remand, the Philadelphia Court of Common Pleas dismissed all remaining claims against all defendants except Kati Graham-Parker and FPCN.[5] (DI 9 at 15). When a trial date certain was set, the United States once again removed the case to this district, requested that the United States be substituted for the same reasons as before, and sought dismissal of all claims as before. *Id.* It does not appear that any material facts have changed as it relates to Kati Graham-Parker, FPCN, or the United States since Judge Schiller dismissed all claims against these parties in 2021.

## II. <u>Analysis</u>

The United States argues that Ms. Phinisee's complaint fails to state a claim upon which relief can be granted and moves to dismiss under Rule 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011)

---

[5] It does not appear that the Court of Common Pleas was asked to dismiss claims against Graham-Parker and FPCN.

4

(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).  Although a court must accept the factual allegations in a complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)).  Res judicata is an affirmative defense that defendants may raise in a 12(b)(6) motion to dismiss.  *Lewis v. O'Donnell*, 674 Fed. App'x 234, 236-37 (3d Cir. 2017) (citing *Ball v. Famiglio*, 726 F.3d 448, 459 n.16 (3d Cir. 2013).

In evaluating a motion to dismiss, a court may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case.  *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85, n.2 (3rd Cir. 1994).  A court may also review exhibits supplemented by a defendant such as indisputably authentic documents underlying the plaintiff's claims.  *Sentinel Tr. Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 216 (3d Cir. 2003).

Because Ms. Phinisee brings this action pro se, we construe her complaint liberally and apply the applicable law, irrespective of whether she has mentioned it by name.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

We look to Pennsylvania law for guidance on res judicata.  *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508-09 (2001) (holding that federal courts should evaluate claim preclusion based on the law that would be applied by state courts in the state where the federal diversity court sits).  Pennsylvania law requires that the two actions at issue share the following four conditions: 1) the thing sued upon or for; 2) the cause of action; 3) the persons and parties to the action; and 4) the capacity of the parties to sue or be sued.  *Bearoff v.*

5

*Bearoff Bros.,* 327 A.2d 72, 74 (Pa. 1974).  If these conditions are met, a "final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the same parties or their privies on the same cause of action."  *Id.*  In Pennsylvania, a motion to dismiss for failure to state a claim constitutes a final valid judgment upon the merits.  *Blum v. Goldman*, 366 Pa. 527, 529-33 (Pa. 1951); *see also Pollock v. NFL*, 171 A.3d 773, 781 (Pa. Super. Ct. 2017) (holding that plaintiffs were precluded from re-litigating claims after defendants' motion to dismiss was granted) (appeal denied, 645 Pa. 555 (Pa. 2018)).

Here, all four *Bearoff* conditions are satisfied.  All of Ms. Phinisee's claims arise out of the same set of facts that gave rise to the 2010 suit; the 2012 settlement agreement that was enforced by this Court; and the 2020 suit that was filed in the Court of Common Pleas of Philadelphia County, removed to this Court, and then dismissed by Judge Schiller.  In his 2021 opinion, Judge Schiller noted that Ms. Phinisee's third amended complaint was "substantively the same" as her previous complaint and the two-year statute of limitations had expired many years ago.  *Phinisee*, Civ. No. 20-5279, 2021 WL 6113374, at *7.  Judge Schiller dismissed Ms. Phinisee's claims against the United States **with prejudice**.  *Id.* at *11

With the United States as the only remaining defendant, the full case before us was already decided by Judge Schiller.  While Ms. Phinisee's current complaint lists nominally different allegations, all causes of action stem from the same medical care litigated in the 2010 action.  *Compare* 2020 Complaint (DI 1-1) *with* 2010 Complaint, Civ. No. 10-1253, Docket No. 1.  Even assuming this complaint does raise truly new causes of action, those causes of action would be barred by res judicata because Ms. Phinisee could have raised those issues in the 2010 action.  *Sustrik v. Jones & Laughlin Steel Corp.*, 413 Pa. 324, 327 (Pa. 1964) (reasoning

that res judicata applies "not only as to those matters that actually were litigated, but also to those matters which could have been litigated therein").  Moreover, "the doctrine of res judicata must be liberally construed and applied without technical restriction."  *Mintz v. Carlton House Partners, Ltd.*, 407 Pa. Super. 464, 474 (citing *Hochman v. Mortgage Finance Co.*, 289 Pa. 260, 263-64 (1927)).  Therefore, we agree with the United States that res judicata bars Ms. Phinisee's allegations.

Because res judicata is case dispositive here, it is not necessary for us to evaluate the merits of the United States's remaining arguments in its Motion to Dismiss.

## III.   <u>Conclusion</u>

Ms. Phinisee has attempted to re-litigate settled issues repeatedly, including through this complaint.  Enough is enough.  For the reasons explained above, we grant the United States's motion to dismiss all of Ms. Phinisee's claims with prejudice.  Because all claims against all other defendants in this action were dismissed previously by the Philadelphia County Court of Common Pleas, there is nothing left to remand to the Philadelphia County Court of Common Pleas.